IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00534-BNB

BILLY VON HALLCY,

    Plaintiff,

v.

SERGEANT BARTSCH, and
EXECUTIVE DIRECTOR TOM CLEMENTS,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Billy Von Hallcy, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility in Sterling, Colorado. Mr. Hallcy has filed *pro se* a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. He seeks damages as relief.

    Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Prisoner Complaint because Mr. Hallcy is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the Prisoner Complaint, or any portion of the Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated

below, the Court will dismiss the Prisoner Complaint in part as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Hallcy is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Hallcy's allegations in the Prisoner Complaint relate primarily to harassment and retaliation by Sergeant Bartsch. According to Mr. Hallcy, the harassment initially related to a knit cap he wore at his prison job in the laundry department and later escalated to physical retaliation and the loss of his prison job in February 2012. Mr. Hallcy also asserts that he filed step 1, 2, and 3 grievances against Sergeant Bartsch because of the alleged harassment, but the grievances he filed did not result in an adequate remedy. In addition to his claims against Sergeant Bartsch, Mr. Hallcy is suing DOC Executive Director Tom Clements because the DOC grievance procedure did not provide an adequate remedy in violation of his right to due process.

Mr. Hallcy's due process claim against DOC Executive Director Clements will be dismissed. For one thing, Mr. Hallcy does not request any relief relevant to the due process claim he apparently is asserting against DOC Executive Director Clements. (*See* ECF No. 5 at 7.) In addition, Mr. Hallcy fails to allege any facts that indicate DOC Executive Director Clements was involved in any way with the grievances he filed and

he fails to allege facts sufficient to support a claim of supervisory liability.  *See Dodds v. Richardson*, 614 F.3d 1185, 1198-99 (10th Cir. 2010).  Finally and most importantly, Mr. Hallcy's contention that the DOC grievance procedure did not provide an adequate remedy for his grievances against Sergeant Bartsch does not demonstrate a violation of his constitutional right to due process.  *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (noting that various circuits have held "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure"); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure).  As a result, Mr. Hallcy's claim against DOC Executive Director Clements is legally frivolous and must be dismissed.

The Court will not address at this time the merits of Mr. Hallcy's claims against Sergeant Bartsch.  Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C.  Accordingly, it is

ORDERED that Mr. Hallcy's claims against DOC Executive Director Tom Clements is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that DOC Executive Director Tom Clements is dismissed as a party to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  27th  day of    April    , 2012.

BY THE COURT:


　　　　　　　　　　　　　　　　　s/Lewis T. Babcock
　　　　　　　　　　　　　　　　　LEWIS T. BABCOCK, Senior Judge
　　　　　　　　　　　　　　　　　United States District Court