IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-00534-CMA-MJW

BILLY VON HALLCY

Plaintiff(s),

v.

SERGEANT BATSCH,

Defendant(s).

---

**RECOMMENDATION ON
(1) PLAINTIFF'S MOTION TO FILE AN AMENDED PLEADING (Docket No. 18)
and
(2) DEFENDANT'S MOTION TO DISMISS (Docket No. 20)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter was referred to this court pursuant to an Order Referring Case issued on May 3, 2012, by Judge Christine M. Arguello.  (Docket No. 16).

**PLAINTIFF'S ALLEGATIONS**

The pro se incarcerated plaintiff alleges the following in his Prisoner Complaint (Docket No. 5).   In the "Nature of the Case" section, he claims there was a retaliatory incident report by defendant Sergeant Bartsch which has "now esculated [sic] to physical retaliation" by "cuffing [him] up soving [him] around" and has caused the loss of his "assinged [sic] work statis [sic] and pay" "[a]ll done without probable cause, and without due process.  Because of Sergeant Bartsch relentous [sic] harassment" of plaintiff.  (Docket No. 5 at 3).  Furthermore, in Claim One plaintiff alleges "staff misconduct" by Bartsch.  Bartsch violated plaintiff's Eighth Amendment rights by her

harassment, and she violated plaintiff's Fourteenth Amendment rights because he "was cuffed up without probable cause, and ongoing and inappropriate, and unauthorized mistreatment [he] was accorded." (Docket No. 5 at 4). Plaintiff filed a Step One grievance on October 5, 2011, concerning Batsch harassing plaintiff in the laundry room about his "nit [sic] cap." It appears he also filed Step Two and Three Grievances as well, and it was determined that plaintiff's wearing of his knit cap above his eyebrows was acceptable. Plaintiff had been working in the Laundry Department for about a year and not had a problem with the other officers about how he wore his knit cap. Bartsch has been working there for about six months, and ever since she worked in that department "she has been picking on the inmates." (Docket No. 5 at 4). Plaintiff was not the only inmate to file a complaint against her. Ever since plaintiff wrote the grievance, Batsch has implicated Sergeant Steerman "in her unauthorized an [sic] inappropiate [sic] mistreatment of the plaintiff." (Docket No. 5 at 4).

In Claim Two, plaintiff alleges that "[t]he Grievance Due process has failed to work." Plaintiff alleges that Bartsch has implicated other staff members (Sergeant Steermand and Captain Brooks) "in her retaliatory acts." (Docket No. 5 at 5). He completed the three-step grievance process (filing them on October 5, 2011, November 10, 2011, and December 19, 2011) regarding "staff misconduct of ongoing and inappropriate unauthorized mistreatment toward the plaintiff." (Docket No. 5 at 5). In addition, on February 6, 2012, plaintiff was terminated from the Laundry Department by Bartsch "as part of the harassment and unauthorized mistreatment toward the plaintiff" which violated the Eighth Amendment as cruel and unusual punishment." (Docket No. 5 at 5).

Plaintiff seeks $10,000 for the emotional stress he has "received, because of the harrassment [sic] from Sergeant Bartsch. Has laid [sic] to my emotional break down at times. I cannot sleep at night. I have migraine head-ache at times, for worring [sic] to [sic] much. All because of the relentous [sic] harrassment [sic] by Sergeant Bartsch . . . . Has caused me to be in a Deep depression, caused by inappropriate harrassment [sic] by Sergeant Bartsch" which has violated his Fourteenth and Eighth Amendment rights as a prisoner. (Docket No. 5 at 7).

Now before the court for a report and recommendation are the following two motions: (1) plaintiff's Motion to file an amended pleading (Docket No. 18) and (2) defendant Bartsch's Motion to Dismiss (Docket No. 20). Plaintiff filed a response to the defendant's motion (Docket No. 24). The court has carefully considered these motion papers as well as applicable Federal Rules of Civil Procedure and case law and has taken judicial notice of the court's file, including the plaintiff's original pleading, of sorts (Docket Nos. 1 and 2). The court now being fully informed makes the following findings, conclusions of law, and recommendations.

**PLAINTIFF'S MOTION TO AMEND**

Plaintiff moves to file an amended pleading to once again name D.O.C. Executive Director Tom Clements as a defendant because Clements "failed to follow the grievance procedure in this matter: regarding staff misconduct that is in violation of [plaintiff's] right's [sic] to due process" and "is the Director for D.O.C., makes him legible [sic] for all legal authority in this case." (Docket No. 18).

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified

4

upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)), cert. denied, 130 S. Ct. 1506 (2010). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Carr v. Hanley, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting Calderon v. Kansas Dep't of Soc. and Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999)).

In this case, plaintiff's proposed amendment to his pleading does not cure deficiencies regarding his claim against Clements that were found by Senior Judge Lewis T. Babcock in an Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge issued on April 27, 2012 (Docket No. 9). Judge Babcock stated:

> Mr. Hallcy is suing DOC Executive Director Tom Clements because the DOC grievance procedure did not provide an adequate remedy in violation of his right to due process.
>
> Mr. Hallcy's due process claim against DOC Executive Director Clements will be dismissed. For one thing, Mr. Hallcy does not request any relief relevant to the due process claim he apparently is asserting against DOC Executive Director Clements. (*See* ECF No. 5 at 7.) In addition, Mr. Hallcy fails to allege any facts that indicate DOC Executive Director Clements was involved in any way with the grievances he filed and he fails to allege facts sufficient to support a claim of supervisory liability. *See Dodds v. Richardson*, 614 F.3d 1185, 1198-99 (10th Cir. 2010). Finally and most importantly, Mr. Hallcy's contention that the DOC grievance procedure did not provide an adequate remedy for his grievances against Sergeant Bartsch does not demonstrate a violation of his constitutional right to due process. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (noting that various circ[uits have held there is no] protected liberty interest in access to [a prison grievance] procedure"); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure). As a

    result, Mr. Hallcy's claim against DOC Executive Director Clements is
    legally frivolous and must be dismissed.

(Docket No. 9 at 2-3). Once again, plaintiff has not alleged that Clements was involved in any way with the grievances he filed, and he has not alleged facts sufficient to support a claim of supervisory liability. Therefore, plaintiff's motion to amend should be denied.

**DEFENDANT'S MOTION TO DISMISS**

  Defendant moves to dismiss the Prisoner Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the following grounds: (1) she is immune from liability for claims for damages against her in her official capacity; (2) she is entitled to qualified immunity because plaintiff fails to state an Eighth Amendment claim, a retaliation claim, a Due Process claim, and there is no clearly-established law with respect to the claims asserted in this case; and (3) plaintiff is not entitled to damages under the Prison Litigation Reform Act ("PLRA") in the absence of a physical injury.

  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" <u>Cutter v. RailAmerica, Inc.</u>, 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo.,

154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1191 (quoting Iqbal, 129 S. Ct. at 1949)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

When ruling on a 12(b)(6) motion to dismiss, the court may consider matters of which a court may take judicial notice, see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007), such as the original pleading filed in this action. The court may take judicial notice whether requested or not. Fed. R. Civ. Evid. 201(c).

Plaintiff does not indicate in his pleading whether he is suing the defendant in her

official and/or individual capacities. Defendant correctly asserts that a claim for damages against her in her official capacity is barred by the Eleventh Amendment. "A suit against an individual officer of a government agency in his or her official capacity is really 'only another way of pleading an action against an entity of which an officer is an agent.'" Kennedy v. Finley, 2011 WL 3236174, at *3 (D. Colo. July 28, 2011) (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)). "[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." Id. (quoting Kentucky v. Graham, 473 U.S. at 165)). Here, plaintiff seeks only monetary damages. Therefore, to the extent he raises an official capacity claim against the defendant, it should be dismissed.

Defendant also correctly assert that the plaintiff's claim that she cuffed him and shoved him around does not state an Eighth Amendment violation. Not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Gee v. Pacheco, 627 F.3d 1178, 1193 (10th Cir. 2010) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). The force allegedly used against the plaintiff was both *de minimus* and not of a nature that is repugnant to mankind.

Similarly, plaintiff's allegations of verbal harassment, i.e., "picking on the inmates" and harassing plaintiff about how he wore his knit hat (above or below his eyebrows), does not state a claim of constitutional dimension. See Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992) (noting that among the actions "necessarily excluded from the cruel and unusual punishment inquiry" are "verbal threats and harassment.").

9

Plaintiff has also not stated a claim of retaliation. It is well-settled that "'[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his' constitutional rights." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). See Gee v. Pacheco, 627 F.3d at 1189 (internal quotation marks omitted) (citing Smith v. Machner, 899 F.2d 940, 947 (10th Cir. 1990)). Plaintiff may make a showing of retaliation by demonstrating the following: 1) he engaged in constitutionally protected activity; 2) defendants' actions caused plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity;" and 3) defendants' "adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." Shero v. City of Grove, Okla., 510 F.3d 1196, 1203 (10th Cir. 2007) (citing Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000)). The third element requires that the plaintiff show that defendants' retaliatory motive was a "but for" cause of the defendants' actions. Smith v. Maschner, 899 F.2d at 949-50. "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of [his] constitutional rights." Peterson, 149 F.3d at 1144 (quotation omitted) (emphasis in original). Factual allegations, such as those here, however, consisting only of engagement in protected activity, for example filing prison grievances, "[do] not establish the requisite causal connection for [a] retaliation claim. If it did, litigious prisoners could claim retaliation over every perceived slight and resist summary judgment simply by pointing to their litigiousness." Strope v. Cummings, 381 Fed. App'x 878, 883 (10th Cir. 2010) (unpublished). Furthermore, there is not much temporal proximity between the plaintiff's grievances and his loss of his laundry job. In any event, temporal proximity between protected activity and a challenged prison action

10

does not, in itself, demonstrate the causal nexus for a retaliation claim. See Friedman v. Kennard, 248 Fed. App'x 918, 922 (10th Cir. 2007) (citing cases) ("Standing alone and without supporting factual allegations, temporal proximity between an alleged exercise of one's right of access to the courts and some form of jailhouse discipline does not constitute sufficient circumstantial proof of retaliatory motive to state a claim.").

Furthermore, plaintiff's allegations in what would be construed as his original pleading belie any claim that but for his filing a grievance, he would not have lost his prison job in the laundry department. That document is entitled "Affidavit & and incident report of retaliatory staff misconduct Done by staff member, Sergent Barsh as an D.O.C Employee in Violation of The Department of Correction Administrative Regulation. Resulted in to constitutional injury to Mr. Billy Von Hallcy." (Docket No. 1). Plaintiff states in that document that defendant terminated plaintiff from his job because he did not leave the department when she ordered him to do so earlier that day. Rather than immediately comply with her direct order to go to the west side of the facility, plaintiff admittedly instead continued to eat his lunch, an action plaintiff continues to justify.

This court finds that like the plaintiff in Strope, plaintiff's "attribution of retaliatory motive is conjectural and conclusory." Strope, 381 Fed. App'x at 883. Plaintiff has not alleged specific facts showing retaliation by defendant and does not meet the strict "but-for" standard for causation.

The court need not address defendant's argument concerning any due process claim because Judge Babcock has already found that plaintiff's "contention that the DOC grievance procedure did not provide an adequate remedy for his grievances against Sergeant Bartsch does not demonstrate a violation of his constitutional right to

due process." (Docket No. 9 at 3).

Based on the findings above, this court need not address defendant's additional arguments for dismissal.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the plaintiff's Motion to file an amended pleading (Docket No. 18) be **DENIED**. It is further

**RECOMMENDED** that the defendant's Motion to Dismiss (Docket No. 20) be **GRANTED**.

If the court accepts and adopts the above recommendations, then it is further

**RECOMMENDED** that the court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from such order would not be taken in good faith and therefore *in forma pauperis* status be denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438 (1962). If such a certification is made, and the plaintiff files a notice of appeal, he would then be required to pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file**

12

**and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: August 1, 2012  s/ Michael J. Watanabe
      Denver, Colorado  Michael J. Watanabe
                                                  United States Magistrate Judge